**CALVINO v. FARLEY et al.**

District Court, S. D. New York.
Feb. 2, 1939.

432

Silas B. Axtell, of New York City (Dominick Blasi, of Brooklyn, N. Y., of counsel), for plaintiff.

Hunt, Hill & Betts, of New York City (Reese D. Alsop, of New York City, of counsel), for defendants.

HULBERT, District Judge.

Plaintiff was employed by Antonio Outeda & Company on board the vessel Steamship "Southern Cross", and on November 10, 1937, while engaged in the performance of his duties as a scaler and ship cleaner, he sustained injuries and brought two actions in this Court to recover damages.

In the first suit he named as defendants Edward P. Farley and Morton L. Fearey, who, as Trustees of the Munson Steamship Line, owned, operated, managed and controlled the Steamship "Southern Cross".

In the second action he named as defendants John T. Clark & Son, Seaboard Marine Repair Company, Eastern Cold Storage Insulation Company and Magnesite Products Co. Inc., who were engaged in making repairs to said vessel and said number 6 hold at the time of, or immediately prior to said accident.

These actions were consolidated by order of this Court dated December 14, 1938, and by a further order dated December 17, 1938 the motion of the defendant trustees to dismiss the complaint for lack of jurisdiction was denied.

The trustee defendants now moved to bring in Antonio Outeda and submit a third party complaint and prayed for an order directing the service of the same with summons upon him.

The Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. §§ 901–950) provides for compensation in respect of disability of an employee occurring upon the navigable waters of the United States (including any drydock), if recovery for the disability through Workmen's Compensation proceedings may not validly be provided by state law (Sec. 903). Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under this act (Sec. 904). This liability is exclusive and in place of all other liability of such employer to the employee who may have elected to claim compensation under this act or to maintain an action at law or in admiralty for damages on account of such injury (Sec. 905).

Section 933 provides:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person. * * *

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (c) only if such compromise is made with his written approval. * * *

"(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."

It was stated upon the argument of this motion and not controverted, that plaintiff had given notice of election to the Deputy Commissioner, and whether said notice was given "in such manner as the Commissioner may provide" can easily be determined upon inquiry at the office of the Commission and pleaded as a defense if the facts disclosed constituted such.

No substantial reason is given in the motion papers for the relief sought. The moving affidavit states:

"Deponent has been actively engaged in the investigation of the facts and has only recently discovered that certain carpenters in the employ of Antonio Outeda, the plaintiff's employer, were at work in No. 6 lower hold making certain repairs, pursuant to contract between the defendant trustees and said Antonio Outeda, an independent contractor, to the floor sometimes known as 'G deck', or 'skeleton deck' in No. 6 lower hold, where the accident occurred, and deponent believes that if there was any negligence or fault upon the part of anyone other than the plaintiff which caused the accident, it was the negligence or fault of the defendants in the second above entitled action, and/or of the said carpenters and workmen in the employ of Antonio Outeda.

"Jurisdiction of Antonio Outeda as a party to these suits can be obtained and he can be joined as a third party defendant herein without depriving this Court of the jurisdiction of these actions. That the presence of Antonio Outeda as a party to these actions is required for the granting of complete relief in the determination of the cross-claims of the defendant trustees."

Under the statute they may not plead as a defense "that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee." (Sec. 905).

Independent of the plaintiff's right to compensation from his employer which is absolute, when he elects to sue a third person or persons, the burden is upon him to establish that the accident happened through the negligence of such third person or persons, and not through the negligence of his employer. Consequently there does not appear to be any necessity for making the employer a party to this action and to do so would incur additional and unnecessary expense. Motion denied.