PAOLILLO v. REDERI A/B DISA (JULES S. SOTTNEK CO., Inc., Impleaded-Respondent).

No. 16159.

District Court, E. D. New York.

May 2, 1941.

Joseph F. Ruggieri, of Brooklyn, N. Y., for libellant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer and J. Ward O'Neill, both of New York City, of counsel), for respondent-petitioner.

Alexander, Ash & Jones, of New York City (Edward Ash and Joseph M. Meehan, both of New York City, of counsel), for respondent-impleaded.

MOSCOWITZ, District Judge.

The impleaded-respondent, Jules S. Sottnek Co., Inc., has excepted to the petition of Rederi A/B Disa, respondent herein, which impleaded it. It has also excepted to the libel and complaint of Gennaro Paolillo, the libellant herein.

The libellant is a longshoreman in the employ of Jules S. Sottnek Co., Inc., the impleaded-respondent. He sustained injuries on the boat M/S "Anita" on July 25, 1940, during the course of his employment. He claims that the accident which resulted in his injuries was caused by defective equipment, that is, the breaking of the ship's shackle. His only remedy against his employer was provided for by the Longshoremen's & Harbor Workers' Compensation Act, Title 33 U.S.C.A. § 905, which is as follows: "Exclusiveness of liability. The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *."

Rederi A/B Disa, the respondent, in his petition alleges that the shackle which caused the accident belonged to the impleaded-respondent Jules S. Sottnek Co., Inc. If that be so the libellant cannot recover from Jules S. Sottnek Co. Inc., because he is bound by the provisions of the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Furthermore, if the shackle did not belong to the ship there can be no recovery against the respondent Rederi A/B Disa, who is the owner of the ship. The respondent's petition specifically states:

"Eleventh: That the happening of said accident and the libelant's resulting injuries were caused without any fault on the part of respondent-petitioner, but were due solely to the contributory negligence of

libelant and to the negligence of his employer, Jules S. Sottnek Co., Inc., its agents, servants or employees in the following, among other, respects, which will be pointed out upon the trial of this action:

"1. In that said Jules S. Sottnek Co., Inc., its servants, agents and employees, in substituting gear used in the loading of the m/v Anita failed properly to test said gear or to supply gear and equipment sufficient for the purpose intended."

■ If this "Eleventh" paragraph is true that libellant's injuries were caused without any fault on the part of the respondent, but were due solely to the contributory negligence of libelant and to the negligence of his employer, Jules S. Sottnek Co., Inc., there can be no recovery by the libellant. See Calvino v. Farley, D. C., 26 F.Supp. 431.

Upon the respondent's petition as it now stands, there is no showing of a right of action over, by way of contribution, recoupment or otherwise. Exceptions will be sustained. Respondent will be permitted ten days within which to serve an amendment, if it be so desired.

Settle order on notice.